IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITY OF PHENIX CITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:21-cv-417-JTA |
| | ) |
| MASTER METER, INC., et al., | ) (WO) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is now before the court on the Motion to Remand filed by Plaintiff City of Phenix City ("Plaintiff"). (Doc. No. 20.) Defendant Master Meter, Inc. ("Master Meter") opposes the motion. (Doc. No. 31.) After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that subject matter jurisdiction is lacking in this case. Accordingly, the court concludes that the motion to remand is due to be GRANTED.

### I.   FACTUAL BACKGROUND

This lawsuit was originally filed in the Circuit Court of Russell County, Alabama and arises out of the purchase, installation, and replacement of electronic water meter registers ("registers"). Plaintiff[1] filed its Complaint on May 4, 2021 at 10:59 a.m. and

---

[1] According to the Amended Complaint, Plaintiff is a domestic municipal corporation formed under Alabama law and located in Russell County, Alabama. (Doc. No. 1-2 at ¶9.)

named Master Meter,[2] Empire Pipe & Supply Company, Inc.[3] ("Empire Pipe") and Central Plant Technology, Inc.[4] ("Central Plant") as defendants.[5]  (Doc. No. 1-1.)  Twenty-two minutes later, at 11:21 a.m., Plaintiff filed an Amended Complaint against the same defendants.  (Doc. No. 1-2.)

In the Amended Complaint, Plaintiff alleges that on August 3, 2010, Plaintiff entered into a contract with Empire Pipe for the sale and installation of Master Meter's Automated Meter Reading ("AMR") System.  (Doc. No. 1-2 at ¶¶2, 19.)  Master Meter was the manufacturer of the registers, Empire Pipe was the supplier of the registers, and Central Plant was the installer of the registers.  (*Id*. at ¶¶16, 20.)  Master Meter provided two warranties in the contract,[6] one being a two-year materials and workmanship warranty on various sized water meters that were purchased by Plaintiff.  (*Id*. at ¶21.)  The second

---

[2] Defendant Master Meter is a foreign corporation qualified to do business in Alabama with its principal address in Texas.  (Doc. No. 1-2 at ¶10.)

[3] Defendant Empire Pipe is a domestic corporation with its principal place of business in Alabama. (Doc. No. 1-2 at ¶11.)

[4] Defendant Central Plant is a domestic corporation with its principal place of business in Alabama. (Doc. No. 1-2 at ¶12.)

[5] The court notes that Plaintiff's Complaint and Amended Complaint also list as defendants several fictitious parties, the identity of which are not yet known to Plaintiff. (Docs. No. 1-1, 1-2.)  For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity.  *See* 28 U.S.C. § 1441(b).

[6] Although it is not alleged in the Amended Complaint, Empire Pipe provided a one-year limited warranty that the registers "will operate free of defects for a period of one year from the date of original installation . . . ." (Doc. No. 1-2, Exh. A at ¶8.)  The warranty provided that Empire Pipe would "promptly remove the defective [registers] and install . . . replacement[s] at no charge to [Plaintiff]." (*Id*.)

warranty was a ten-year component warranty to repair or replace defective registers at no cost to Plaintiff. (*Id*.)

Plaintiff alleges it faced problems with the registers from August 29, 2011 to September 22, 2017. (Doc. No. 1-2 at ¶¶23-29.) Indeed, between November 2016 and April 2017, Plaintiff alleges that around 7% of the registers malfunctioned for an unknown reason. (Doc. No. 1-2 at ¶24.) Thereafter, representatives from Master Meter and Empire Pipe met with Plaintiff to address how to remedy this problem under the ten-year component warranty. (*Id*. at ¶25.) During this meeting, Plaintiff was assured that it would not be charged for the costs of replacement registers, and that Master Meter and Empire Pipe were unsure of what caused the failure of the registers. (*Id*. at ¶¶25, 26.)

On August 21, 2018, Plaintiff and Master Meter entered into an agreement where Master Meter would replace up to 9,410 registers at no charge to Plaintiff and Plaintiff would receive a new ten-year warranty. (*Id*. at ¶37.) Master Meter agreed to ship up to 2,000 registers monthly until the 9,410 registers were replaced. (*Id*.) Apparently such replacement by Master Meter did not occur as Plaintiff alleges that, between February 1, 2017 and August 31, 2020, it replaced 88% of its registers. (*Id*. at ¶39.) Plaintiff alleges all defendants knew the register failures were caused by a software glitch which drained the batteries well before the expiration of the 20-year life expectancy and that all defendants had knowledge of this defect at the time the registers were sold to Plaintiff. (*Id*. at ¶41.)

In its Amended Complaint, Plaintiff alleges multiple state-law claims against the defendants, including fraud, fraudulent suppression, negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, breach of implied

3

warranty of fitness for a particular purpose, breach of contract, negligence and wantonness. (Doc. No. 1-2 at ¶¶44-107.)  Plaintiff alleges it suffered economic and consequential damages in the amount of $3.1 million under the contract and seeks compensatory, consequential, incidental and punitive damages.  (*Id*. at ¶¶4, 5.)

On June 16, 2021, Master Meter removed the case to this court, arguing that Plaintiff fraudulently joined defendants Empire Pipe and Central Plant for the purpose of circumventing federal diversity jurisdiction under 28 U.S.C. § 1332.[7]  (Doc. No. 1.) Empire Pipe and Central Plant consented to the removal.  (Docs. No. 3, 11.)  On July 16, 2021, Plaintiff filed its motion to remand (Doc. No. 20), and on August 10, 2021, Master Meter filed its response in opposition thereto (Doc. No. 31).  Thus, the motion to remand is ripe for disposition.

It is worth mentioning that defendant Empire Pipe filed a motion to dismiss (Doc. No. 10) and Plaintiff filed a motion to stay all proceedings pending resolution of its motion to remand (Doc. No. 18).  These motions are fully briefed and ripe for disposition as well.

## II.   STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*,

---

[7] It is undisputed that Empire Pipe and Central Plant are resident defendants. (*See* Doc. No. 1 at ¶ 8; Doc. No. 10 at 1.)

511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction[8] or federal question jurisdiction.[9] *See Pacheco DePerez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). An action is not removable to federal court under diversity jurisdiction if any of the parties are properly joined, properly served as defendants, and are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action.[10] *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095 ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

---

[8] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

[9] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

[10] Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. *Burns*, 31 F.3d at 1095. Yet, "[a] defendant may submit affidavits, depositions, or other evidence to support removal." *Lott v. Metro. Life Ins. Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citation omitted).

### III. DISCUSSION

"In order for diversity jurisdiction to be proper, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same State as any defendant." *Ala. Aggregate, Inc. v. Powerscreen Crushing and Screening, LLC*, Civil Action No. 2:21cv357-MHT, 2021 WL 4071884, * 2 (M.D. Ala. Sept. 7, 2021) (citation omitted). Master Meter concedes that Empire Pipe and Central Plant are not diverse from Plaintiff. However, Master Meter argues that Empire Pipe and Central Plant were fraudulently joined.

To prove that a resident defendant has been fraudulently joined,[11] the removing defendant must show either "(1) there is no possibility that plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco De Perez*, 139 F.3d at 1380 (citations omitted). "[I]f the plaintiff states 'even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.'" *Ala. Aggregate, Inc.*, 2021 WL 4071884, * 2 (citing *Pacheco De Perez*, 139 F.3d at 1380). "[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "A district court must base its determination of whether the plaintiff has stated a colorable claim upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties." *Ala. Aggregate, Inc.,* 2021 WL

---

[11] *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").

6

4071884, * 2 (citation omitted).  In analyzing these claims, a district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff.  *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1333 (11th Cir. 2011).  The removing party bears the "heavy" burden of establishing fraudulent joinder by "clear and convincing evidence."  *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006); *Crowe*, 113 F.3d at 1538.

Master Meter argues that Plaintiff's claims against Empire Pipe are time-barred by the applicable statute of limitations.  The court disagrees.

For example,[12] Plaintiff's breach of express warranty claim (Count Four) and breach of implied warranties claims (Counts Five and Six) are subject to Alabama's four-year statute of limitations period.  Ala. Code § 7-2-725;[13] *see Locke v. Ansell, Inc.*, 899 So. 2d 250 (Ala. 2004) (applying four-year limitations period to breach of implied and express warranties).  A breach of warranty occurs when tender of delivery is made.  Ala. Code § 7-2-725(2).[14]  Here, the date of tender of delivery of the last replacement registers from Empire Pipe does not appear in the Amended Complaint.  However, the Amended

---

[12] The court need not address all of the state law claims alleged against the resident defendants because if one possible claim exists against one of the resident defendants, then joinder for that defendant was proper, diversity does not exist, and remand to the state court is required.

[13] Alabama Code § 7-2-725 states, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  Ala. Code § 7-2-725(1).

[14] Alabama Code § 7-2-725 further states, "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues." Ala. Code § 7-2-725(2).

Complaint appears to allege that tender of delivery from Empire Pipe for some replacement registers occurred in or around September 22, 2017. (Doc. No. 1-2 at ¶ 29) ("On or around September 22, 2017, Defendant Empire Pipe representative Jeremy Wells spoke with Plaintiff's representatives to inform he scheduled two technicians to replace approximately 1,000 defective registers.") Viewing those facts in the light most favorable to Plaintiff, and considering Master Meter has not produced any evidence to refute those facts, the court can infer that Empire Pipe supplied and Central Plant installed approximately 1,000 replacement registers around that time period.[15] Further, as Plaintiff argues, to the extent Empire Pipe had a warranty which explicitly extended to future performance of the registers, *see* Ala. Code § 7-2-725(2), discovery of the breach of warranty could not occur until a date subsequent to the September 2017 deliveries. Considering either possibility, pursuant to the four-year statute of limitations, Plaintiff's breach of warranty claims expired in September 2021. Since Plaintiff filed suit on May 4, 2021, its breach of warranty claims are not time-barred.

      This court's inquiry is limited to determining only if there is a possibility that a state court might find that the Amended Complaint states a cause of action against the resident defendants. Here, the court finds that there is a possibility that state law might impose

---

[15] "Whether a statute of limitation bars a claim ultimately is an affirmative defense that must be pleaded and proved by the defendant, unless the essential facts of the defense appear on the face of the complaint itself." *Hanover Ins. Co. v. BASF Corp.*, Case No. 2:18-cv-1418-TMP, 2019 WL 220240, *4 (N.D. Ala. 2019 Jan. 16, 2019). The Amended Complaint in this case simply does not state the most crucial dates which trigger the statute of limitations. Plaintiff alleges that the original registers and replacement registers were defective. Thus, the dates for delivery of the original and replacement registers, which are not in the Amended Complaint, are crucial. Master Meter did not present any evidence on this issue.

liability under the circumstances alleged in the Amended Complaint. When all the facts are reviewed at this stage of the proceeding in the light most favorable to Plaintiff, it is unclear if the statute of limitations bars Plaintiff's claims. Based on the information before the court, clear and convincing evidence has not been provided to show that Plaintiff has no cause of action against the resident defendants. *See Parks v. The New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962) ("[D]etermination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment. Doubt as to whether under the state law a case of joint liability is stated ... will not render the joinder fraudulent.").[16] Since it is undisputed that Empire Pipe and Central Plant are not diverse, this court is without jurisdiction and this cause must be remanded. *Florence v. Crescent Res., LLC*, 484 F. 3d 1293, 1297 (11th Cir. 2007) ("When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed.") (internal quotations and citation omitted).

## IV.  CONCLUSION

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's motion to remand (Doc. No. 20) is GRANTED.

2. Plaintiff's Motion to Stay Pending Resolution of Plaintiff's Motion to Remand (Doc. No. 18) is DENIED as moot.

---

[16] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

3. This case is REMANDED to the Circuit Court of Russell County, Alabama.

4. The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this the 26th day of January, 2022.

*Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE